**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4358**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ERICK TURCIOS-LAZO, a/k/a Scorpion, a/k/a Alacran, a/k/a
Cebolla,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Leonie M. Brinkema,
District Judge. (1:08-cr-00370-LMB-1)

Submitted:  March 19, 2010          Decided:  May 21, 2010

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter L. Goldman, O'REILLY & MARK, P.C., Alexandria, Virginia,
for Appellant.  Neil H. MacBride, United States Attorney, Morris
R. Parker, Jr., Benjamin L. Hatch, Assistant United States
Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erick Eduardo Turcios-Lazo appeals his conviction for conspiracy to murder Lisandra Quintanilla in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (2006), through his participation in the Mara Salvatrucha ("MS-13") gang. He asserts that the district court erred by admitting certain evidence and contends that the evidence did not support his conviction. Finding no reversible error, we affirm.

Turcios-Lazo asserts that the district court violated Fed. R. Evid. 403 by admitting evidence of three murders unrelated to the charge in the indictment and in which he was not involved. "Evidence is unfairly prejudicial and thus should be excluded under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." United States v. Siegel, 536 F.3d 306, 319 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 129 S. Ct. 770 (2008). We have reviewed the trial transcript and conclude that the district court did not abuse its discretion in admitting evidence of the murders. See United States v. Rooks, __ F.3d __, __, 2010 WL 668924, at *3 (4th Cir. Feb. 25, 2010) (providing standard); United States v. Jones, 566 F.3d 353, 363 (3d Cir.) (collecting cases finding evidence of murders, some gruesome, committed by other gang members not

2

unfairly prejudicial where evidence demonstrated defendant did not commit murders and was used to prove existence of enterprise), cert. denied, 130 S. Ct. 528 (2009). Moreover, the district court reduced the risk of unfair prejudice by instructing the jury that Turcios-Lazo was on trial only for the offense charged in the indictment, see Rooks, __ F.3d at __, 2010 WL 668924, at *5, and "[w]e presume that juries follow [the court's limiting] instructions." United States v. Johnson, 587 F.3d 625, 631 (4th Cir. 2009). We therefore conclude that Turcios-Lazo is not entitled to relief on this claim.

Next, Turcios-Lazo challenges the district court's admission of testimony from Detective Saa, an expert witness, because the testimony relied on hearsay from MS-13 members, was based on knowledge he collected from sources not written by him, and violated the Confrontation Clause. Assuming, without deciding, that the district court's admission of Saa's testimony violated Fed. R. Evid. 703, and the Confrontation Clause, we conclude that any error was harmless in light of extensive testimony from actual MS-13 members about the gang's structure, organization, rules, and punishments; the murders on which the Government relied to establish that MS-13 was an enterprise engaged in racketeering activities as well as MS-13's involvement in drug dealing and extortion; and Turcios-Lazo's participation in the conspiracy to murder Quintanilla. See

3

Neder v. United States, 527 U.S. 1, 15 (1999) ("[T]he test for determining whether a constitutional error is harmless . . . is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.") (internal quotation marks and citation omitted); Johnson, 587 F.3d at 637 ("Erroneously admitted evidence is harmless if a reviewing court is able to say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the [nonconstitutional] error.") (internal quotation marks and citation omitted).

Finally, Turcios-Lazo contends that the Government failed to prove that MS-13 was an enterprise, as defined in 18 U.S.C. § 1959(b)(2) (2006), and that he joined in the conspiracy to kill Quintanilla. Although Turcios-Lazo filed a motion pursuant to Fed. R. Crim. P. 29, he did not rely specifically on the grounds he asserts on appeal. Thus, our review is only for plain error. United States v. Wallace, 515 F.3d 327, 331-32 (4th Cir. 2008) (discussing standard of review); see United States v. Mehta, 594 F.3d 277, 279 (4th Cir. 2010) ("Substantial evidence is evidence that a reasonable fact-finder could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt.").

4

Taking the evidence in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), our careful review of the trial transcript leads us to conclude that the jury did not err, plainly or otherwise, in concluding that the evidence established that MS-13 was an enterprise and that Turcios-Lazo participated in the conspiracy to kill Quintanilla. See United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994) (discussing elements of offense). To the extent Turcios-Lazo challenges the credibility of the Government's witnesses, this court "do[es] not weigh the evidence or assess the credibility of witnesses, but assume[s] that the jury resolved any discrepancies [in the testimony] in favor of the government." United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5